This is a one-lawyer presentation. We've asked for the State of Montana, but they don't want to come. This is a first for me, Your Honors. Good morning, my name is Wendy Holton. I have been appointed to appoint Leland Docken in this matter. After exhausting his state remedies, Docken brought a habeas action in the Federal District Court of Montana. That court considered four issues, whether Docken was denied due process of law when his parole was denied, whether he was denied equal protection of the law when his parole was denied, whether he was exposed to cruel and unusual punishment by being held past his parole eligibility date, and whether the denial of annual parole review violated the ex post facto clause. The sum and substance of Docken's petition left little doubt that what he is asking for is to get out of prison. He wants to be granted parole. The COA is only on? The fourth issue. The district court denied parole on the or denied relief on all of the claims. On the first three claims, it denied relief on the merits and denied a certificate of appealability. On the fourth, it denied the claim on the procedural ground that the case was improperly brought under habeas and should have been brought under Section 1983. That is the issue that this court then granted the certificate of appealability on. The district court based its decision that this case should have been, or this issue should have been brought in a 1983 action on this court's decision in Neal v. Shimoda. Neal, however, at least insofar as it applies to the denial of a parole hearing, is in conflict with the decision of this circuit in Butterfield v. Bail, and it is in conflict with the decisions of the United States Supreme Court in Pricer v. Rodriguez, Hecht v. Humphrey, and Edwards v. Balasag. The bright-line rule of those cases is that where it is the fact or duration of confinement that is challenged, habeas is the appropriate procedure. On the other hand, if it's the conditions of confinement that are challenged, then Section 1983 is the appropriate procedure. And that is in accord with the traditional function of the habeas petition for release from illegal confinement. The Butterfield case that was previously decided by this court recognized that few things implicate the validity of continued confinement more directly than the improper denial of parole. And this is true whether the denial of parole stems from the denial of a hearing or stems from procedural defects within that hearing, although that is the distinction that the Neal court made. It's a distinction, in my opinion, without a difference. This is kind of at the crossroads, perhaps. Is it valid either under 1983 or under habeas? Your Honor, I don't believe that when the parole consideration is the issue, that's true. Although in the ñ and this is something that I've been struggling with as I've been preparing for this argument. In the Balasag case, the United States Supreme Court did recognize that in that case, one of the issues could have resulted in at least nominal money damages, even without the validation of the underlying conviction. And that was the issue of whether the Board of the prison administration needed to date stamp when they got particular documents in. But that was an issue that didn't necessarily go to the procedure or the granting of the parole. So, like I say, there is a possibility in the Balasag decision of a hybrid petition. And here he's not asking for release from prison.  He is asking for a hearing. But the only reason he would ask for a hearing is because he wants out. Yes, but I'm not sure that's ñ The reason that I believe that Neel is contrary to the decisions in Butterfield and the Supreme Court cases is that the reasoning in the Neel decision was that the only benefit that the petitioners in that case could have received would be a ticket to the door of the parole board and that they wouldn't necessarily be granted parole. But under the Balasag case, what the United States Supreme Court held was that all they were entitled to was a different procedure. They weren't necessarily ñ even if they got that different procedure, they wouldn't necessarily be granted the relief they were asking. One question I have is that the reason the State of Montana apparently has decided not to come is they say it wouldn't make any difference to them whether this was habeas or 1983. Is that correct? Your Honors, I feel ñ I'm a little bit conflicted in this. I think that the reason ñ It might make a difference. For one thing, they'd have a Heck v. Humphrey problem, or you would have a Heck v. Humphrey problem if it was a 1983 case. That's correct. And I think that the reason I believe that the State opted out of this is they would prefer not to be in a situation where they might be subjected to money damages. So they're all for habeas as opposed to Section 1983 for that reason. They're free to come and tell us that the judge was wrong, which is a nice thing for a lawyer to do when the judge is wrong. But you think it would make a difference. Or could make a difference. At least the arguments would be different. There would be additional arguments or additional issues if it were a 1983 case. I believe that when the ñ when what a person is asking for is freedom, that the three United States Supreme Court cases say that the proper procedure is habeas. Whether ñ you know, the whole discussion was had in the Pricer case about, you know, that these issues fell under the technical language of the 1983 statute and would avoid some procedural ñ going under habeas v. 1983 would avoid some procedural problems. And that discussion ñ that was actually quite a lengthy discussion in the Pricer decision, where they ñ but they nonetheless determined that because the habeas remedy was ñ was traditional and applied specifically to this, that they would ñ that they would opt out of the 1983. It's surprising that the district court was right that this should have been a habeas ñ a 1983, not a habeas. Why wouldn't it have been appropriate to allow you ñ or would it have been appropriate to allow your client to amend his complaint to make it a 1983? I don't believe that he's precluded from doing that. He's ñ it was dismissed without prejudice. He could ñ he could still come back in under 1983, as far as I can tell from the pleadings that have been filed to date. He proceeded pro se until I was appointed in this court. But I believe that he could, in fact, come back under 1983. I have to admit that I would be a bit apprehensive that if this issue were to ever get to the Supreme Court, he could be locked out and would be starting over again. Let's see. Your Honors, as I speak ñ as I previously said, what Dawkin is asking for by asking for a parole hearing is he's asking for relief, and that's something that's properly heard in a habeas petition. He filed his petition correctly, and I would ask you to return this case to the district court for a decision on the merits on that issue. Thank you very much. The case of Dawkin v. Chase is submitted, and we proceed to the last case of the day, United States v. Smith, which we're doing by television. Would you like to take a break? All right. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.
judges: B. Fletcher, Hamilton , Berzon